ELIZABETH SEBRING,

v.

DAVID MERSEREAU and others.

A suit for partition does not embrace the object of adjusting dormant claims, adverse
titles and real or pretended incumbrances held by other persons; none of which
can be affected by the decree.
The interests of third persons do not prevent a partition, nor are they affected by it.
The 15 sec. of the stat. 36 sess. ch. 100. directing the court to ascertain the rights of
the parties, applies only to the rights of parties before the court.
The object of that section was, to require such examination of the title in cases of par-
tition at law, as was previously required by the practice in chancery.
Judgment creditors are not necessary or proper parties in partition.
No fee for counsel beyond the amount allowed by the statute, can be decreed to be
allowed.

Appeal from the first circuit.

The original bill in this cause was for a partition among
cotenants. At a subsequent period, a supplemental bill was
filed, to bring before the court the judgment creditors of the
defendant David Mersereau : and finally, no less than four
bills were filed in the course of the cause. The commission-
ers appointed to make partition, had made a sale of the pre-
mises under a previous order made for that purpose, accord-
ing to the act ; and the cause came on before the circuit court
in equity upon the pleadings, and the report of sale for a con-

firmation of the report, and for a final decree upon the rights of the parties, and the distribution of the proceeds of the sale.

The circuit court confirmed the sale; directed that the commissioners should execute conveyances to the purchasers; dismissed the supplemental bill; and made a special order concerning costs.

The proceedings had become very complex, in consequence of the various rights, interests and pretensions brought before the court; and it was very fully argued. It is not thought useful however, to repeat more of the case than is embraced in the points determined by the chancellor; and for the same reasons, the learned arguments of the counsel are omitted.

MR. JAMES SMITH, for the appellant.

MR. GRIFFIN, for some of the respondents.

MR. VAN WYCK, for other respondents.

MR. SILLIMAN, for the judgment creditors made defendants.

THE CHANCELLOR. This is a suit for the partition of lands between tenants in common; and one of them is the defendant Mersereau. The supplemental bill states, that certain judgments were obtained against Mersereau, at different times; and it brings before the court, the judgment creditors, as defendants in this suit. This supplement to the original suit, is founded upon the supposition, that the suit for partition, can not be determined, until these judgments shall be adjudged to be either valid or discharged; and that the judgment creditors are necessary parties.

The judgments against Mersereau, were liens of record, when the original bill was filed; and if it had been necessary, that these judgment creditors should be parties to a suit for partition, they might have been made defendants in the original bill.

A suit for partition, is a suit for the division of such rights and interests, as joint owners hold in the land; and it does not embrace the object of adjusting dormant claims, adverse titles and real or pretended incumbrances held by other persons. Such pretensions and incumbrances are not affected by the decree made in the suit for partition; and they remain

to be asserted and resisted, in some other course of proceedings, between proper parties. If, in a suit for partition between joint proprietors, it were necessary to litigate with every person who may have or claim an incumbrance upon one or more of the shares, the suit might become excessively complicated ; and instead of a simple course of proceedings, for the purpose of dividing or selling the rights of the cotenants, the suit would involve the litigation and adjustment of claims foreign to the object of partition, and with which many of the joint proprietors would have no concern.

In the case of Agar against Fairfax, 17 Ves. 542, it was held, that a partition never affects the interests of third parties ; and that such interests do not prevent a partition between tenants in common of their rights. In the case of Baring against Nash, 1 Vesey and Beames 550, it was decided, that in a suit for partition by a tenant for years, it was both unnecessary and improper, to make the reversioner a party.

The fifteenth section of the act for the partition of lands, prescribes, that in case of sale or partition, and before judgment, the court shall examine and ascertain the rights, titles and interests of the parties plaintiffs and defendants, that the purchaser under such sale, may be protected in his title acquired thereby : and it is now urged, that this provision renders it necessary, that the judgment creditors of Mersereau, should be defendants in this suit.

This provision requires an examination of the titles of the parties, as well in the case of partition, as in the case of sale : and the rights of the parties are ascertained, in order that when a partition is made, it may be just between the different parties, according to their respective interests ; that when the lands are sold, the purchaser may have information of the state of the title which he acquires ; and that the court may make a just distribution of the moneys arising from the sale. Such, seem evidently, to be the objects of this provision requiring an examination of the rights, titles and interests of the parties in the suit for partition. Not only may the parties be entitled to unequal quantities of the land, but their estates may be very different. One may be owner in fee, another for life, and another for years ; and the estate of

one in his share, may be subject to liens, while the estates of others may be free from incumbrance. When the rights and interests of the different parties are ascertained, the share of each one may receive a just valuation, according to all the circumstances attending it; and if the share of one is found to be incumbered, a partition may be made with a just allowance for the incumbrance; or a purchaser apprized of the lien, takes the land subject to the lien; paying a price less, in proportion to the amount of the incumbrance. The purchaser is thus secured in the title which he acquires, in the sense intended by the provisions of the statute requiring an examination of the rights of the parties to the suit. I can not understand this direction that the titles of the parties shall be examined, as requiring, that all incumbrancers shall be made parties, or as introducing any new rule, concerning the parties necessary to a suit for partition. The practice of this court and of the English chancery, has always been to investigate the titles of the parties, in order that a just valuation of their respective interests might be made, before a decree for partition. The object of the legislature in the provision now considered, was, to establish this practice of courts of equity, in the courts of law as well as in equity, and in all cases of division or sale.

In the case of Wotten against Copeland, 7 Johns. ch. 140, the late chancellor decided, that creditors by mortgage or judgment, have no concern with the partition between tenants in common; and that mortgagees and judgment creditors can not be compelled to join in the suit for partition. That decision is direct authority, upon the question now before the court.

In this case, the circuit court pursuing the direction of the statute, examined the titles and interests of the plaintiffs and defendants in the suit for partition. No complaint is made by any purchaser, that this examination was insufficient; and no purchaser applies or desires to rescind the sale made by the commissioners.

I am accordingly of opinion, that the bill by which the judgment creditors of Mersereau, were brought before the circuit court, was an unnecessary and improper supplement

'to the suit for partition ; and that it was rightly dismissed by the circuit court.

The decree of the circuit court directs in substance, that a reasonable counsel fee shall be allowed to the counsel of the complainant, from the product of the sale. This direction is clearly, contrary to the provisions of the act regulating the fees of officers and ministers of justice ; and it must be reversed. In all other respects, the decree of the circuit court is affirmed.